UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY RICHMOND and CHEF COURTNEY'S HOMEMADE BBQ SAUCE,<br><br>　　　　　　　　Plaintiffs,<br>vs.<br><br>NOLAN WIESE; BACKYARD SPECIALTY FOODS; MARK FONDER; and THE BARREL HOUSE,<br><br>　　　　　　　　Defendants. | 4:21-CV-4073-LLP<br><br>MEMORDANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

　　On May 18, 2021, Defendants filed a Joint Motion to Dismiss Plaintiffs' Complaint Jury Demand on the basis of res judicata and a Motion to Seal certain documents attached to Plaintiffs' Complaint because they were subject to a protective order in place in a case in the Minnehaha County circuit court, 49 CIV. 20-000651. (Docs. 13, 14). The Court granted Defendants' Motion to Seal. (Doc. 23).

　　Plaintiffs oppose Defendants' Motion to Dismiss. (Doc. 22). Plaintiffs have also filed a motion to Deny Defendants Joint Motion to seal Exhibits and ask the court to reverse its order granting Plaintiff's motion seal. (Doc. 25). Plaintiffs have filed a Motion to hold Mark Fonder in Contempt of Court. (Doc. 26). Plaintiffs have also filed 2 exhibits to their complaint. (Docs. 27, 28). One exhibit is a cease and desist letter sent by Plaintiff to a business in Sioux Falls, South Dakota. (Doc. 27). Another exhibit contains copies of Plaintiffs' culinary degrees. (Doc. 28).

　　For the following reasons, Defendants' Joint Motion to Dismiss is granted and Plaintiffs' claims are dismissed with prejudice.

### LEGAL STANDARD

　　To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling

1

on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, though it need not accept the legal conclusions. *Iqbal*, 556 U.S. at 678.

The Eighth Circuit has found that although res judicata is an affirmative defense, it can be the basis for a motion to dismiss under Rule 12(b)(6) if the defense "is apparent on the face of the complaint." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) (citation omitted). In this context, "the phrase face of the complaint . . . include[s] public records and materials embraced by the complaint, and material[s] attached to the complaint." *Id.* (internal quotations and citation omitted). Applying this rule, district courts within the Eighth Circuit have routinely considered prior state court judgments in evaluating motions to dismiss based on res judicata, without converting those motions to summary judgment motions.[1] *Noyes v. Fed. Nat'l Mortgage Ass.*, Civ. No. 20-1005, 2021 WL 1060107, at *2 (E.D. Mo. Mar. 18, 2021) (citing *MacCormack v. Adel Wiggins Grp.*, Civ. No. 16-414, 2017 WL 914262, at *2 (E.D. Mo. Mar. 8, 2017) (rejecting the plaintiffs' argument that a summary judgment motion was required to assert a res judicata argument, and considering state court records in evaluating the defendant's motion to dismiss based on res judicata)); *Carter v. Clark*, Civ. No. 14-0098, 2015 WL 505743, at *4 (D. Minn. Feb. 6, 2015) (considering records from prior state court case in evaluating a motion to dismiss based on res judicata), *aff'd*, 622 F.App'x 607 (8th Cir. 2015); *Vargo v. City of St. Louis*, Civ. No. 15-0520, 2015 WL 4207112, at *2 (E.D. Mo. Jul. 10, 2015) (same)).

## DISCUSSION

Defendants have moved to dismiss Plaintiffs' Complaint Jury Demand on the basis of res judicata because two state court actions have already dismissed these same allegations with prejudice.[2] On March 4, 2020, Plaintiffs Courtney Richmond and Chef Courtney's Homemade BBQ Sauce filed a complaint in Minnehaha County Circuit Court against Nolan Weise and Backyard Specialty Foods, Civ. No. 20-0651. (Doc. 16-12). In their complaint, Plaintiffs alleged that the defendants were selling barbeque sauce using a proprietary recipe passed down from Mr.

---

[1] The Court also notes that Plaintiffs in the present case reference in their Complaint their cases in Lincoln County and Minnehaha County. (Doc. 1).

[2] Over the last four years, Plaintiffs have alleged that Backyard Specialty Foods has conspired with various South Dakota entities to steal Plaintiffs' barbeque sauce recipe and disclose it to third parties. (Docs. 16-1-16-18). In addition to the present litigation, Plaintiffs currently have pending three trial court motions and an appeal with the South Dakota Supreme Court – all related to plaintiffs' barbeque sauce conspiracy claims. (Doc. 15).

2

Richmond's mother and were in violation of the nondisclosure agreement entered into between the parties. (Doc. 16-12). Defendants in that action filed a motion for summary judgment. (Doc. 16-13). After hearing oral argument on the motion, the circuit court found that there were no factual questions for the jury to resolve regarding the alleged breach of the nondisclosure agreement and issued an order granting the defendant's motion for summary judgment, and a judgment dismissing the claims with prejudice. (Docs. 16-13; 16-14).

On February 9, 2021, Plaintiffs Courtney Richmond and Chef Courtney's Homemade BBQ Sauce filed a complaint against Nolan Wiese, Backyard Specialty Foods, Carrie A. Miller, Woods & Fuller, and Barrell House alleging that the defendants violated the South Dakota Trade Secrets Act, SDCL 37-29-1 through 37-29-11 by appropriating the plaintiffs' proprietary barbeque sauce recipe with knowledge that that the recipe was acquired by improper means, Civ. No. 21-0349. (Doc. 16-16). The defendants filed a motion to dismiss, although it is unclear from the record on file with this Court, on what legal bases the defendants sought dismissal. The circuit court held a hearing on a date that had been selected by Plaintiffs, but Plaintiffs did not appear at the hearing. (Doc. 16-17). The court heard argument from counsel and based on arguments and the pleadings on file, the court granted the defendants' motion to dismiss and dismissed Plaintiffs' claim "on the merits, with prejudice." (Doc. 16-17).

Under res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). To establish that a claim is barred by res judicata a party must show: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction[3]; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Yankton Sioux Tribe v. U.S. Dept. of Health & Human Services*, 533 F.3d 634, 639 (8th Cir. 2008). "Parties are bound, however, 'not only as to every matter which was offered and received to sustain or defeat the claim or

---

[3] Plaintiffs oppose Defendants' motion to dismiss, contending that his case has yet to be reviewed by the South Dakota Supreme Court. Plaintiffs contends that:

> The defendants are trying to get the plaintiffs case dismissed by providing the court with the supreme court dismissal because the supreme court has dismissed the plaintiffs case because of the Minnehaha court not giving the supreme court the correct information so that the case will be seen at the Supreme Court and the plaintiffs case will be dismissed here.

(Doc. 22 at 1). A case need to be reviewed by a court on appeal in order for res judicata to apply.

3

demand, but as to any other admissible matter which might have been offered for that purpose.'" *Id.* at 640 (quoting *Comm'r v. Cunnen*, 33 U.S. 591, 597 (1948)); *see also Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998) ("[W]hether a second lawsuit is precluded turns on whether its claims arise out of the 'same nucleus of operative facts as the prior claim.'").

After carefully considering the above-mentioned factors, the parties' briefs, and the state court orders and judgments dismissing with prejudice claims based on Defendants' alleged breach of the nondisclosure agreement and misappropriation of Plaintiffs' barbeque recipe, the Court concludes that Plaintiffs' claims in the present case are barred by res judicata. In the present case, Plaintiffs allege that the defendants have breached the nondisclosure agreement and misappropriated Plaintiffs' barbeque recipe in violation of the South Dakota Unified Trade Secret Act, SDCL 37-29-1 through 37-29-11 and in violation of Mr. Richmond's rights under the Fourteenth Amendment to the United States Constitution. (Doc. 1). As to factors 3 and 4, the Court finds that the claims in this case are based on the same nucleus of operative facts (the alleged misappropriation of Plaintiff's barbeque recipe) and involve the same parties. Noland Wiese and Backyard Specialty Foods were named defendants in both state court actions mentioned above. Barrelhouse was a named defendant in the second state court action, Civ. No. 21-0349. Although the Mark Fonder was not a named defendant in either state court action, the Court finds that he was "adequately represented by someone with the same interests who [wa]s a party" to the prior suit. *See Richards v. Jefferson Cty., Ala.*, 517 U.S. 793, 798 (1996) (citation omitted). In the present Complaint, the allegations asserted by Plaintiffs are against Mr. Fonder in his capacity as a representative of Barrelhouse, not in his individual capacity. As to factor 2, the Court finds that the state court had jurisdiction over Plaintiffs' breach of contract and deceptive trade practices claims arising under South Dakota law. Finally, as to factor 1, the Court finds that in both state court cases, the Court dismissed Plaintiffs' claims on the merits, with prejudice. The Defendants have therefore met their burden of proving that Plaintiffs' claims are barred by res judicata.

Accordingly, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss (Doc. 14) is GRANTED and Plaintiffs' claims are DISMISSED WITH PREJUDICE;

2. Plaintiffs' motion to deny Defendants' motion to dismiss (Doc. 22) is DENIED;

4

3. Plaintiffs motion to reverse the Court's order granting Plaintiff's motion to seal (Doc. 25) is DENIED as moot; and

4. Plaintiffs motion to hold Mark Fonder in contempt (Doc. 26) is DENIED as moot.

Dated this 14th day of June, 2021.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
*[signature]*

5